**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARRY TYLER SIMONE, | Civil No. 12-0934 (AET) |
| Plaintiff, | |
| v. | OPINION |
| BRIAN PARANTE, et al., | |
| Defendants. | |

RECEIVED

MAR - 5 2012

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**APPEARANCES:**

HARRY TYLER SIMONE, #129658, Plaintiff Pro Se
Middlesex County Adult Correctional Facility
P.O. Box 266
New Brunswick, NJ 08903

**THOMPSON, District Judge:**

Plaintiff, Harry Tyler Simone, who is currently incarcerated at Middlesex County Adult Correctional Center ("MCACC"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915, asserting violation of his rights under 42 U.S.C. §1983, against Edison Police Officers Detective Brian Parante and Investigator Suzanne Kowalski. This Court will grant Plaintiff's application to proceed in forma pauperis. See 28 U.S.C. § 1915(b). Having reviewed Plaintiff's allegations, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the Complaint.

## I. BACKGROUND

Harry Tyler Simone brings this Complaint against Edison Police Officers Detective Brian Parante and Investigator Suzanne Kowalski, alleging violation of his constitutional rights under 42 U.S.C. § 1983. The statement of facts in the Complaint consists of the following:

> On Feb. 19, 2010 Plaintiff was brought to the Edison Police Department and interrogated by both defendants. During the interrogation Plaintiff stated clearly and unequivocally that he wanted a lawyer. Instead of terminating the interrogation, both defendants continued, thus violating Plaintiff's right to counsel and due process.
>
> In the criminal case still pending, Assistant Prosecutor Lynn Pilone, Middlesex County, stated that the state has no intention of using the above statement in the upcoming trial, therefore this suit will no[t] impugn the criminal case.
>
> The statement was made by A.R. Pilone on Feb. 2nd, 2012.

(Dkt. 1 at 6.)

For relief, Plaintiff seeks $200,000 in damages against each defendant, legal fees, and all other relief as the Court sees fit. (Dkt. 1 at 7.)

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

2

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). To survive dismissal under Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Iqbal, 129 S. Ct. at 1949 (citation omitted). Officials may not be held liable under § 1983 for the unconstitutional misconduct of their subordinates. Id. at 1948-49. Rather, the facts set forth in the complaint must show that each government-official defendant, through the official's own individual actions, has violated the plaintiff's constitutional rights. Id. This Court must disregard labels, conclusions, legal arguments, and naked assertions. Id. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief", and will be dismissed. Id. (citations and internal quotation marks omitted).

The Third Circuit instructs that, to determine the sufficiency of a complaint under the pleading regime established by Iqbal,

> a court must take three steps: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S.

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

> Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Township, 629 F. 3d 121, 130 (3d Cir. 2010); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief.* A complaint has to "show" such an entitlement with its facts") (emphasis supplied). The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

### III. DISCUSSION

A court's initial task is to "tak[e] note of the elements [Plaintiff] must plead" in order to state a claim of liability under 42 U.S.C. § 1983. See Iqbal, 129 S Ct. at 1947-48. Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the

United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff contends that, while defendants were interrogating him at the police station, they read him his Miranda rights and he unequivocally requested counsel, but defendants violated his constitutional rights by continuing to interrogate him. He further asserts that, although the criminal proceeding is pending, the Assistant Prosecutor stated that the state was not going to try to use his statement against him at trial. However, "questioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at trial," Renda v. King, 347 F.3d 550, 557-58 (3d Cir. 2003); see also Chavez v. Martinez, 538 U.S. 760 (2003). Because Plaintiff does not assert that his statement was used against him at trial to obtain a criminal conviction, the Complaint fails to state a claim upon which relief may be granted. See Renda, 347 F.3d at 559. This Court will accordingly dismiss the Complaint for failure to state a claim under § 1983.

## IV. CONCLUSION

Based on the foregoing, this Court will grant in forma pauperis status and dismiss the Complaint.

ANNE E. THOMPSON, U.S.D.J.

Dated: 3/2/12, 2012

5